UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RUBEN VALERIO MENDEZ,

    Plaintiff,

v.

MARK SULLIVAN, et al.,

    Defendants.

Civil Action No. 3:11-CV-0287

(Judge Kosik)

## MEMORANDUM

On February 10, 2011, Plaintiff, Ruben Valerio Mendez, an inmate at the State Correctional Institution in Dallas, Pennsylvania (SCI-Dallas), filed his Complaint in this matter pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). The claim arises out an incident occurring while Plaintiff was an inmate at the Schuylkill County Prison. (*Id.*). On May 13, 2011, Defendants[2] filed a Motion to Dismiss or, in the alternative, for Summary Judgment. (Doc. 19). Plaintiff filed a Motion for leave to File Amended Complaint on December 2, 2011. (Doc. 38). Magistrate Judge Malachy E. Mannion filed a Report and Recommendation ("R&R") on December 21, 2011 recommending that Defendants' motion be granted because Plaintiff had failed to exhaust his administrative remedies. (Doc. 41). Magistrate Judge Mannion further recommended that Plaintiff's motion to amend was moot because the amendment would not cure the exhaustion issue. (*Id.*). Plaintiff filed objections to the R&R on January 24, 2011. (Doc. 44). We have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

---

[1] Plaintiff initially filed his action while he was an inmate at the State Correctional Institution in Chester, Pennsylvania (SCI-Chester). (Doc. 1). On January 6, 2012, Plaintiff informed the Court that his address had changed and that he was now an inmate at SCI-Dallas. (Doc. 42).

[2] Defendants Schuylkill County, Commonwealth of Pennsylvania and Schuylkill County Prison (System).

**Factual Background & Procedural History**

In his Complaint, Plaintiff[3] raises claims against Mark Sullivan, a correctional officer at Schuylkill County Prison, the Schuylkill County Prison (System), and Schuylkill County, Commonwealth of Pennsylvania. (Doc. 1). Plaintiff alleges that on February 18, 2010, Defendant Sullivan physically and mentally abused Plaintiff while serving a unit action to Plaintiff in his cell. (*Id.*). Plaintiff alleges he did not understand what was going on and would not sign the unit action like Defendant Sullivan requested. (*Id.*) After Plaintiff refused to sign the unit action, he alleges Defendant Sullivan grabbed his neck with both hand and pushed him to the railing on the top tier, injuring Plaintiff's back. (*Id.*). Plaintiff further alleges that he almost fell over the railing. (*Id.*). Plaintiff claims that Defendant Sullivan continued to push him. (*Id.*). In addition to the physical allegations, Plaintiff alleges Defendant Sullivan made derogatory comments about Plaintiff's Hispanic heritage. (*See id.*).

Plaintiff filed his Complaint on February 10, 2011. (*Id.*). Waivers of service were returned by Defendants Schuylkill County Prison (System) and Schuylkill County Commonwealth of Pennsylvania ("Defendants"). (Docs. 11 & 12). Defendant Sullivan's waiver of service was returned unexecuted.[4] (Docs. 16 & 17). Plaintiff has filed multiple motions to appoint counsel (Docs. 22, 26, 33), all of which have been denied by the Magistrate Judge. (Docs. 25, 30, 35). Plaintiff also filed a Motion to Dismiss (Doc. 14) which was dismissed by the Magistrate Judge (Doc. 29). Defendants filed a Motion to Re-Establsih Case Deadlines (Doc. 36) which was granted by the Magistrate Judge (Doc. 37).

On May 13, 2011, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, a Brief in Support, and a Statement of Facts. (Docs. 19, 20, 21).

---

[3]Plaintiff alleges he does not speak English. (*See* Doc. 1 & 44).

[4]Defendants Schuylkill County Prison (System) and Schuylkill County, Commonwealth of Pennsylvania filed a notice on April 19, 2011 notifying the Court that Defendant Sullivan was no longer employed by the Schuylkill County Prison and was in active military service undergoing basic training at Fort Jackson, South Carolina at that time. (Doc. 13).

Plaintiff did not respond to this motion. Instead, Plaintiff filed a Motion for Leave to File an Amended Complaint and an Amended Complaint on December 2, 2011 and December 9, 2011, respectively.[5] (Docs. 38 & 39). Defendants filed a brief in opposition to this motion on December 14, 2011. (Doc. 40).

Magistrate Judge Mannion filed his R&R recommending that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment be granted and that Plaintiff's motion to amend his complaint be denied. (Doc. 41). The Magistrate Judge granted Defendants' motion because Plaintiff had failed to exhaust his administrative remedies pursuant to Section 1997e of Title 42 of the United States Code, the Prison Litigation Reform Act ("PLRA"). (*Id.*). Plaintiff filed his objections to the R&R on January 24, 2012. (Doc. 44).

## Standard of Review

When objection are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984). We read Plaintiff's filings liberally because of his pro se status.

## Discussion

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

---

[5]We note that Plaintiff filed his Amended Complaint before the Magistrate Judge had an opportunity to rule on Plaintiff's Motion to File an Amended Complaint.

3

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

42 U.S.C. § 1997e(a) requires proper exhaustion. *Woodford v. Ngo,* 548 U.S. 81 (2006). It requires more than simple exhaustion - i.e. more than that there is no further process available to the inmate within the grievance system. *Spruill v. Gillis,* 372 F. 3d 218, 227-31 (3d Cir. 2004). Section 1997e(a) requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. *Id.* at 231. The Supreme Court has said that

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

*Woodford,* 548 U.S. at 89 (internal citations omitted).

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak,* 312 F. 3d 109, 111 (3d Cir. 2002).

Schuylkill County Prison has implemented the Schuylkill County Prison Inmate Grievance Policy. (*See* Doc. 19, Ex. A). According to the policy, an inmate "may file a grievance at any time to bring a problem to the administration's attention." (*Id.* at Ex. A, p.3). A grievance form is sent to an inmate after it is requested through the office of the Deputy Warden. (*Id.*). The inmate is required to complete the form and return it to the Deputy Warden. (*Id.*). The Deputy Warden serves as the Grievance Coordinator. (*Id.* at Ex. A, p. 4).

After receiving a grievance, it is numbered and dated and a response is given withing fifteen (15) working days. (*Id.*). If an inmate is dissatisfied with a response, he or she has the right to appeal the decision to the Warden within ten (10) days of the date the inmate received the response to the grievance. (*Id.*). The Warden's decision after an appeal is final. (*Id.*). According to the Affidavit of Deputy Warden David Wapinsky[6], a true and correct copy of the grievance procedure is posted in all cell blocks. (Doc. 19, Att. 1, ¶ 5).

Plaintiff filed a grievance on March 4, 2010 regarding the February incident. (*See* Inmate Grievance Form attached to Doc. 1). The grievance was denied on March 23, 2010 by the Deputy Warden noting that Plaintiff was "cited for misconduct - 2 hr. action. No signature required. [Plaintiff] then proceeded to tear the write-up. Lt. on duty witnessed the entire incident." (sic) (*Id.*). Plaintiff failed to file an appeal of this decision to the Warden. (Doc. 19, Att. 1, ¶ 11).

The Magistrate Judge granted Defendants' motion because Plaintiff failed to exhaust his administrative remedies when he did not follow the Schuylkill County Prison Grievance Policy. (Doc. 41). Before the Magistrate Judge's R&R was filed, Plaintiff failed to respond to Defendants' motion. After the R&R was filed Plaintiff objected to the Magistrate Judge's recommendations and argued, for the first time, that he did not fail to exhaust his administrative remedies because the grievance procedure was not a remedy "available" to him, because it was only available in English, and Plaintiff speaks only Spanish. (Doc. 44).

Various courts in our circuit have considered the availability of administrative remedies and have held that if there is a question of material fact as to availability, summary judgment or dismissal is inappropriate.[7] The exhaustion requirement of the PLRA is a

---

[6]Attached to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. 19, Att. 1).

[7]*See Brown,* 312 F.3d 109 (3d Cir. 2002) (availability of administrative procedures questioned when prison officials told inmate to wait to file a grievance until after completion of an investigation); *Kantamanto v. King,* 651 F. Supp. 2d 313 (E.D. Pa. 2009) (Summary judgment inappropriate because issues of material facts existed surrounding

threshold question in this matter that determines our ability to hear the case. Plaintiff claims that administrative remedies are unavailable to him if the prison fails to provide the grievance procedure in Spanish. Since this is the first time Plaintiff has raised this argument, Defendants have not had a chance to respond to this argument. We will defer our decision on the Magistrate Judge's R&R, Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, and Plaintiff's Motion for Leave to File Amended Complaint pending a resolution of this issue. Both parties will be given twenty (20) days to file briefs concerning the availability of administrative remedies for Spanish-speaking inmates at Schuykill County Prison.

## Conclusion

Plaintiff, for the first time, raised the question of the availability of administrative remedies in his Objections. Defendants have not had a chance to respond to Plaintiff's claim. Accordingly, both parties will have twenty (20) days in which to file a brief arguing the availability of administrative remedies.

---

whether inmate was denied access to proper forms, whether inmate knew he could appeal grievance through letter to Commissioner, and whether letter was sent); *Mitchell v. Horn*, 318 F. 3d 523 (3d Cir. 2003) (District Court premature when it dismissed inmate's complaint when he claimed administrative remedies were unavailable when prison officials denied him the necessary grievance forms); *Ricketts v. AW of Unicor*, 2008 WL 1990897 (M.D. Pa. 2008) (inmate paralyzed and hospitalized immediately after incident in question so he could not comply with administrative procedure). *Compare Naranjo v. Brooks*, 2009 WL 792335 (E.D. Pa. 2009) (Grievance procedures posted in English and Spanish are available administrative remedies.).