FILED
SCRANTON

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MAR - 7 2012

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

---

RUBEN VALERIO MENDEZ,

    Plaintiff,

    v.

MARK SULLIVAN, et al.,

    Defendants.

:
:
:
:
:
:
:
:
:
:

Civil Action No. 3:11-CV-00287

(Judge Kosik)

---

## MEMORANDUM

On February 10, 2011, Plaintiff, Ruben Valerio Mendez, an inmate at the State Correctional Institution in Dallas, Pennsylvania (SCI-Dallas), filed his Complaint in this matter pursuant to 42 U.S.C. § 1983. (Doc. 1). The claim arises out an incident occurring while Plaintiff was an inmate at the Schuylkill County Prison. (*Id.*). Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment and Plaintiff filed a Motion for Leave to File Amended Complaint. (Doc. 19, 38). Magistrate Judge Malachy E. Mannion recommended granting the Defendants' motion for failure to exhaust administrative remedies and recommended denying Plaintiff's motion as moot. (Doc. 41). Before we could address Magistrate Judge Mannion's Report and Recommendation (R&R) and Plaintiff's Objections, we ordered the parties to file briefs concerning the availability of administrative remedies. (Doc. 46). Both parties have responded and filed briefs concerning the availability of administrative remedies at Schuylkill County Prison. (Doc. 47, 48). We have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

### Factual Background & Procedural History

In his Complaint, Plaintiff[1] raises claims against Mark Sullivan, a correctional officer at Schuylkill County Prison, the Schuylkill County Prison (System), and Schuylkill County, Commonwealth of Pennsylvania. (Doc. 1). Plaintiff alleges that on February 18, 2010,

---

[1]Plaintiff alleges he does not speak English. (*See* Doc. 1 & 44).

Defendant Sullivan physically and mentally abused Plaintiff while serving a unit action on Plaintiff in his cell. (*Id.*). Plaintiff alleges he did not understand what was going on and would not sign the unit action like Defendant Sullivan requested. (*Id.*) After Plaintiff refused to sign the unit action, he alleges Defendant Sullivan grabbed his neck with both hands and pushed him to the railing on the top tier, injuring Plaintiff's back. (*Id.*). Plaintiff further alleges that he almost fell over the railing. (*Id.*). Plaintiff claims that Defendant Sullivan continued to push him. (*Id.*). In addition to the physical allegations, Plaintiff alleges Defendant Sullivan made derogatory comments about Plaintiff's Hispanic heritage. (*See id.*).

Plaintiff filed his Complaint on February 10, 2011. (*Id.*). Waivers of service were returned by Defendants Schuylkill County Prison (System) and Schuylkill County Commonwealth of Pennsylvania ("Defendants"). (Docs. 11 & 12). Defendant Sullivan's waiver of service was returned unexecuted.[2] (Docs. 16 & 17). Plaintiff has filed multiple motions to appoint counsel (Docs. 22, 26, 33), all of which have been denied by the Magistrate Judge. (Docs. 25, 30, 35). Plaintiff also filed a Motion to Dismiss (Doc. 14), which was dismissed by the Magistrate Judge (Doc. 29). Defendants filed a Motion to Re-Establish Case Deadlines (Doc. 36), which was granted by the Magistrate Judge (Doc. 37).

On May 13, 2011, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, a Brief in Support, and a Statement of Facts. (Docs. 19, 20, 21). Plaintiff did not respond to this motion. Instead, Plaintiff filed a Motion for Leave to File an Amended Complaint and an Amended Complaint on December 2, 2011 and December 9, 2011, respectively.[3] (Docs. 38 & 39). Defendants filed a brief in opposition to this motion on

---

[2]Defendants Schuylkill County Prison (System) and Schuylkill County, Commonwealth of Pennsylvania filed a notice on April 19, 2011 notifying the Court that Defendant Sullivan was no longer employed by the Schuylkill County Prison and was in active military service undergoing basic training at Fort Jackson, South Carolina at that time. (Doc. 13).

[3]We note that Plaintiff filed his Amended Complaint before the Magistrate Judge had an opportunity to rule on Plaintiff's Motion to File an Amended Complaint.

December 14, 2011. (Doc. 40).

Magistrate Judge Mannion filed his R&R recommending that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment be granted and that Plaintiff's motion to amend his complaint be denied. (Doc. 41). The Magistrate Judge granted Defendants' motion finding that Plaintiff had failed to exhaust his administrative remedies pursuant to Section 1997e of Title 42 of the United States Code, the Prison Litigation Reform Act ("PLRA"). (*Id.*). Plaintiff filed his objections to the R&R on January 24, 2012. (Doc. 44). After the R&R was filed, Plaintiff objected to the Magistrate Judge's recommendations and argued, for the first time, that he did not fail to exhaust his administrative remedies because the grievance procedure was not a remedy "available" to him, because it was only available in English, and Plaintiff speaks only Spanish. (Doc. 44). On February 10, 2012, we issued an order deferring ruling on the Magistrate Judge's R&R and giving the parties twenty (20) days in which to file briefs concerning the availability of administrative remedies. (Doc. 46). Both parties have responded and filed briefs concerning the availability of administrative remedies at Schuylkill County Prison. (Doc. 47, 48).

**Standard of Review**

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984). We read

Plaintiff's filings liberally because of his pro se status.

## Discussion

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. Generally when deciding a motion to dismiss, the court is limited to consideration of only the facts alleged in the complaint. Fed. R. Civ. P. 12(b)(6).

> When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court. Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. We have held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the rule would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion.'

*Latham v. U.S.*, 306 Fed. Appx. 716, 717-718 (3d Cir. 2009). In this case, both Plaintiff and Defendants were given a chance to further explore the availability of administrative remedies at the prison and to file appropriate documentation, and as such, no further notice is necessary. Thus, this case will be considered as a motion for summary judgment. Further, the nature of exhaustion as a threshold matter also makes this appropriate.[4]

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative

---

[4]"[E]xhaustion of administrative remedies is a matter in abatement that does not deal with the merits, a judge may consider facts outside of the pleadings and make factual findings necessary to resolve a motion on these grounds, so long as the resolution of the factual disputes does not decide the merits and the parties have a sufficient opportunity to develop a record." *McClain, Jr. v. Alveriaz*, 2009 WL 3467836, fn. 1 (E.D. Pa. 2009) *citing Bryant v. Rich*, 530 F.3d 1368, 1374-76 (11th Cir. 2008), *cert denied*, 555 U.S. 1074 (2008).

process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

42 U.S.C. § 1997e(a) requires proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81 (2006). It requires more than simple exhaustion - i.e. more than that there is no further process available to the inmate within the grievance system. *Spruill v. Gillis*, 372 F. 3d 218, 227-31 (3d Cir. 2004). Section 1997e(a) requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. *Id.* at 231. The Supreme Court has said that

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

*Woodford*, 548 U.S. at 89 (internal citations omitted).

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F. 3d 109, 111 (3d Cir. 2002).

Schuylkill County Prison has implemented the Schuylkill County Prison Inmate Grievance Policy. (*See* Doc. 19, Ex. A). According to the policy, an inmate "may file a grievance at any time to bring a problem to the administration's attention." (*Id.* at Ex. A, p.3). A grievance form is sent to an inmate after it is requested through the office of the Deputy Warden. (*Id.*). The inmate is required to complete the form and return it to the Deputy Warden. (*Id.*). The Deputy Warden serves as the Grievance Coordinator. (*Id.* at Ex. A, p. 4). After receiving a grievance, it is numbered and dated and a response is given withing fifteen (15) working days. (*Id.*). If an inmate is dissatisfied with a response, he or she has the right to appeal the decision to the Warden within ten (10) days of the date the inmate received the

response to the grievance. (*Id.*). The Warden's decision after an appeal is final. (*Id.*). According to the Affidavit of Deputy Warden David Wapinsky[5], a true and correct copy of the grievance procedure is posted in all cell blocks. (Doc. 19, Att. 1, ¶ 5).

Plaintiff filed a grievance on March 4, 2010 regarding the February incident. (*See* Inmate Grievance Form attached to Doc. 1). The grievance was denied on March 23, 2010 by the Deputy Warden noting that Plaintiff was "cited for misconduct - 2 hr. action. No signature required. [Plaintiff] then proceeded to tear the write-up. Lt. on duty witnessed the entire incident." (sic) (*Id.*). Plaintiff failed to file an appeal of this decision to the Warden. (Doc. 19, Att. 1, ¶ 11).

The Magistrate Judge recommended that we Defendants' motion, because Plaintiff failed to exhaust his administrative remedies when he did not follow the Schuylkill County Prison Grievance Policy. (Doc. 41). Before the Magistrate Judge's R&R was filed, Plaintiff failed to respond to Defendants' motion. After the R&R was filed, Plaintiff objected to the Magistrate Judge's recommendations and argued, for the first time, that he did not fail to exhaust his administrative remedies because the grievance procedure was not a remedy "available" to him, because it was only available in English, and Plaintiff speaks only Spanish. (Doc. 44).[6]

Plaintiff and Defendants were given twenty (20) days in which to respond to, or elaborate upon, Plaintiff's claim about the availability of the grievance procedure for Spanish-speaking inmates. (Doc. 46). On February 23, 2012, Defendants responded to Plaintiff's claim submitting an affidavit of the Warden of Schuylkill Prison explaining the availability of

---

[5]Attached to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. 19, Att. 1).

[6]Plaintiff also claims that his § 1983 claim is a tort, and as such, does not require exhaustion. (Doc. 44). Further, Plaintiff argues that since his grievance was summarily dismissed, he also did not need to exhaust. (*Id.*). The requirement for exhaustion is clear in regards to these claims. Plaintiff's objections concerning these issues are without merit.

6

remedies to Spanish-speaking inmates[7]. (Doc. 47). Plaintiff responded on February 28, 2012

arguing that the prison had no available remedies in Spanish. (Doc. 48).

    "'Available' remedies are those 'capable of use' or those 'at hand.'" *Ricketts v. AW of*

*Unicor, et al.,* 2008 WL 1990897, *5 (M.D. Pa. 2008) *citing Brown,* 312 F.3d at 113. If there

is a question as to availability of administrative remedies, summary judgment or dismissal is

inappropriate.[8] Availability of administrative remedies in regards to non-English speaking

persons has been considered by various courts.[9] Administrative remedies are available to a

---

[7]Defendants also note the deficiencies in Plaintiff's responses to various aspects of this suit. (*See* Doc. 47). While we agree that Plaintiff has not been diligent in keeping up with his case and following the procedural rules, we remind Defendants that Plaintiff is an inmate who filed a *pro se* complaint and as such, will be held to less stringent standards. *See Haines v. Kerner,* 404 U.S. 519 (1972).

[8]*See Brown,* 312 F.3d 109 (3d Cir. 2002) (availability of administrative procedures questioned when prison officials told inmate to wait to file a grievance until after completion of an investigation); *Kantamanto v. King,* 651 F. Supp. 2d 313 (E.D. Pa. 2009) (Summary judgment inappropriate because issues of material facts existed surrounding whether inmate was denied access to proper forms, whether inmate knew he could appeal grievance through letter to Commissioner, and whether letter was sent); *Mitchell v. Horn,* 318 F. 3d 523 (3d Cir. 2003) (District Court premature when it dismissed inmate's complaint when he claimed administrative remedies were unavailable when prison officials denied him the necessary grievance forms); *Ricketts,* 2008 WL 1990897 (M.D. Pa. 2008) (inmate paralyzed and hospitalized immediately after incident in question so he could not comply with administrative procedure).

[9]*See Messa v. Goord,* 652 F.3d 305 (2d Cir. 2011) (Plaintiff in that case was an inmate who argued his non-exhaustion was excused for various reasons, including the fact that he could not speak English and was illiterate in his native Spanish. The Court of Appeals for the Second Circuit upheld the ruling of the district court and found that his failure to exhaust was not excused.); *Grant v. Henderson,* 2011 WL 902357, *4, (N.D. Fla. 2011) ("The grievance process was also posted in Plaintiff's 'pod' and he had access to Spanish speaking staff to translate for him as he requested. Thus, there is simply no suggestion in this case that Plaintiff did not know of the grievance process or could not have known of the requirements of the grievance process through even a modicum of effort."); *Bojorquez v. Fitzsimmons,* 2009 WL 700950, *6 (C.D. Ill. 2009) ("We have stated that, when inmates cannot comply with grievance procedure without essential help from prison officials and that assistance is withheld, the failure of the officials to facilitate the grievance process effectively renders administrative remedies unavailable." (internal citations omitted)); *Gevara v. Bennett,* 2010

non-English speaking inmate if the inmate procedures and policies are available in Spanish. *See Naranjo v. Brooks,* 2009 WL 792335, *4 (E.D. Pa. 2009).

Defendants attached the Affidavit of Eugene Berdanier, Warden of Schuylkill County Prison, averring that "[d]ue to an increasing population of Spanish speaking inmates, the Schuylkill County Prison Handbook is published in Spanish and distributed upon request to all Spanish speaking inmates." (Doc. 47, Att. 1, ¶2). The affidavit further avers that the prison "has at least one inmate fluent in English and Spanish who is trusted to translate and interpret for inmates who do not speak or understand English. If no inmate interpreter is available, the prison will contact the Schuylkill County Public Defender's Office or the District Attorney's Office to arrange for an interpreter." (*Id.* at 5). Finally, the affidavit avers that the prison has "two counselors to provide assistance [to] inmates in securing a Spanish interpreter and to provide assistance in the explanation of the grievance process and in the preparation and filing of appropriate documents." (*Id.* at 6). Defendants also attached a copy of the Spanish-language prison handbook. (*Id.* at Att. 2).

Plaintiff's response to the court's request consists of merely stating that the policies and procedures at the prison were provided only in English. (Doc. 48). Defendants' attached documents, combined with Plaintiff's submission of each document filed in this case in clear and understandable English, make addressing the issue of exhaustion appropriate at this stage. Defendants have clearly shown that administrative remedies are available for Spanish-speaking inmates and that Plaintiff has failed to exhaust. As discussed above, Plaintiff failed to exhaust his administrative remedies when he did not file an appeal to the Warden. He has also failed to show that his exhaustion should be excused because administrative remedies

---

WL 3787119, *1 (M.D. N.C. 2010) (Plaintiff's objection that he was unable to speak and understand the English language was "insufficient to require denial of Defendants' motion to dismiss for failure to exhaust administrative remedies." Plaintiff filed lengthy pleadings in English and had filed other grievance showing he was familiar with the administrative remedy process.).

were unavailable to him.  Since Plaintiff has failed to exhaust his administrative remedies, his Motion for Leave to File Amended Complaint to amend the named Defendants, and his objections to the Magistrate Judge's R&R in regards to the same, is denied as moot.  (*See* Doc. 38, 44).

## Conclusion

Based on our findings, the Defendants' motion will be granted because Plaintiff failed to exhaust his administrative remedies.  We will adopt the R&R of the Magistrate Judge and we will dismiss this action.  An appropriate order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RUBEN VALERIO MENDEZ,      :

      Plaintiff,      :

      v.      :      Civil Action No. 3:11-CV-00287

      :      (Judge Kosik)

MARK SULLIVAN, et al.,      :

      Defendants.      :

## **ORDER**

AND NOW, this _7_ day of March, 2012, IT IS HEREBY ORDER THAT:

1.      Plaintiff's Objections to the Report and Recommendation (Doc. 44) are **OVERRULED**;

2.      The Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 41) is **ADOPTED**;

3.      Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment (Doc. 19) is **GRANTED**;

3.      Plaintiff's Motion for Leave to File Amended Complaint (Doc. 38) is **DENIED** as moot; and

4.      The Clerk of Court is directed to **CLOSE** this case, and to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge